```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

MITCHELL B. WALTERS,            )
                                )
    Plaintiff,                  ) Civil Action No. 5:10-302-JMH
                                )
v.                              )
                                )
LOWE'S HOME IMPROVEMENT         )
WAREHOUSE OF GEORGETOWN, #1736, ) **MEMORANDUM OPINION AND ORDER**
et al.,                         )
                                )
    Defendants.                 )
                                )

                **\*\*   \*\*   \*\*   \*\*   \*\***

On the Court's own motion, this Court finds that subject matter jurisdiction was destroyed by the addition of the non-diverse Defendant James Little and this matter shall be remanded to Scott Circuit Court.

As an initial matter the Court notes that it is required to consider whether subject matter jurisdiction exists, even without a plaintiff's request to remand. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) ("[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings.").

Plaintiff filed his original action in Scott Circuit Court on July 1, 2010, seeking relief against Defendant, Lowe's Home Improvement Warehouse of Georgetown #1736 (hereinafter "Defendant Lowe's"), for injuries suffered due to a slip and fall at Defendant Lowe's on January 3, 2010. Plaintiff is a resident and citizen of

Kentucky and Defendant, a foreign corporation with its principal place of business in North Carolina, is a resident of North Carolina as established by 28 U.S.C. §1332(c)(1). On August 26, 2010, Plaintiff filed a response to requests for admission confirming that he seeks damages exceeding $75,000. The next day, August 27, 2010, Plaintiff filed a Notice to Amend Complaint, which would add a non-diverse party defendant. On August 31, 2010, Defendant Lowe's timely filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Upon filing its Notice of Removal, Plaintiff's Notice to Amend Complaint had not yet been heard or ruled upon and the case was removed to this Court. Defendant failed to file a response to Plaintiff's Motion to Amend the Complaint in this Court or state court.

On December 9, 2010, this Court granted Plaintiff's unopposed Motion to Amend Complaint, which joined as Defendants to this action a non-diverse party, James Little, manager of Defendant Lowe's, and additional fictitious parties whose citizenship need not be considered by the Court for purposes of jurisdiction. *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 948 (6th Cir. 1994). Defendant James Little filed an answer herein. Subsequently, this Court issued an Order to the parties requesting them to show cause why this matter should not be remanded to Scott Circuit Court [Record No. 21]. Defendants have filed a Motion for Leave to File Amended Notice of Removal [Record No. 27] and

Response to this Court's Show Cause Order [Record No. 26]. Plaintiff has filed a Response [Record No. 28] arguing that this Court lacks jurisdiction. Defendants have filed a Reply [Record No. 29] opposing remand.[1]

Defendants do not argue that the parties are diverse. Defendants instead argue that Defendant Little was fraudulently joined. The Court notes that 28 U.S.C. 1447(e), rather than fraudulent joinder, applies because the non-diverse party was not added until after removal. While there is some overlap between the 28 U.S.C. 1447(e) factors, *see J. Lewis Cooper Co. v. Diageo North America, Inc.,* 370 F.Supp.2d 613, 618 (E.D.Mich. 2005), and the fraudulent joinder analysis, *see Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994), one cannot be substituted for the other. See *Mackey v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 2650600, *1 n.3 (E.D.Mich. July 6, 2011); *Bridgepoint Condominiums, Inc. v. Integra Bank Nat'l Assoc.,* 2009 WL 700056, *2 (W.D.Ky. March 13, 2009).

Nonetheless, pursuant to 28 U.S.C. 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand to State court." "Diversity of citizenship, the basis for jurisdiction in the

---

[1] Also pending is an unopposed Motion for Leave to file a Second Amended Complaint [Record No. 40], filed on July 1, 2011, which seeks to add additional claims against Defendant Lowe's and adds an additional diverse party, Classic Manor Builders, Inc.

3

present case, exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

In *Curry,* the Sixth Circuit recognized that, while the general rule is that diversity of the parties is determined at the time of the filing of a lawsuit, where an amended complaint is filed which names a non-diverse party, diversity must be determined at the time of the filing of the amended complaint. *Curry*, 462 F.3d at 540. *Curry*, acknowledging that 28 U.S.C. §1447(e) applies to joinder occurring after removal of a case, also noted that it applies to situations in which a fictitious party is later identified as a non-diverse party. *Id.* at 541 (citing *Casas Office Mach., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 674 (1st Cir. 1994)). The Sixth Circuit held that the district court should have remanded the matter rather than retaining the non-diverse defendants and entering judgment on the merits of the case. *Id.* at 541. While *Curry* specifically addressed the effect of substituting a non-diverse party for a fictitious defendant, the effect of 28 U.S.C. § 1447(e) is the same in this case. When Defendant Little was joined as a party, diversity was destroyed as well as this Court's jurisdiction. The parties have failed to demonstrate that subject

4

matter jurisdiction remains after the addition of Defendant Little as a party. This matter shall now be remanded to the Scott Circuit Court for further proceedings.

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that this matter be, and the same hereby is, **REMANDED** to the Scott Circuit Court from whence it was removed.

This the 1st day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge